**Herbert SILVERBERG,**
**Plaintiff–Appellant,**

**Harvey Greenfield, Movant–Appellant,**

**v.**

**PEOPLE'S BANK, David E.A. Carson, John L. Flannery and Jeffrey L. Coulson, Defendants–Appellees,**

**David Schaefer and Brenner, Saltzman & Wallman LLP, Movants– Appellees,**

**James P. BIGGS, Leonard M. Mainiero, Raymond P. Granville, Joseph Kastrup, George P. Carter, George R. Dunbar, George W. Edwards, William H. Farley, Norwick Goodspeed, Edward E. Harrison, Samuel W. Hawley, Betty**

**Ruth Hollander, Robert W. Heubner, Saul Kwartin, Jack E. McGregor, John F. Merchant, G.J. Ratcliffe and Wilmot V. Wheeler, Jr., Defendants.**

**No. 00–9548.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2001.

Harvey Greenfield, N.Y., NY, for appellants.

David R. Schaefer, Brenner, Saltzman & Wallman, New Haven, CT, for movants-appellees.

Present KEARSE, MINER and PARKER, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was submitted by counsel for appellants and movants-appellees.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment and orders of said District Court be and they hereby are affirmed.

Class action plaintiff Herbert Silverberg and his attorney Harvey Greenfield appeal from a judgment of the United States District Court for the District of Connecticut, Alfred V. Covello, *Chief Judge,* awarding Greenfield $906,675 in attorneys' fees and $20,000 in expenses, and awarding class trial counsel Brenner, Saltzman & Wallman ("BSW") $906,184.96 in fees and $19,550.08 in expenses out of a $7.7 million fund for the plaintiff class, generated by the settlement of the action after four days of trial; Silverberg and Greenfield also appeal from orders of the district court denying their postjudgment motions for increased awards. On appeal, Greenfield contends that he was entitled to a significantly larger fee than that awarded to BSW; that BSW was overcompensated; and that he was entitled to reimbursement for expenses in the amount of $116,983.97; Silverberg contends that he was entitled to an "incentive award" as the class representative. Finding no basis for reversal, we affirm.

■■■ Fees awarded in common-fund cases must be reasonable. *See, e.g., Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 47 (2d Cir.2000). "What constitutes a reasonable fee is properly committed to the sound discretion of the district court," which is "intimately familiar with the nuances of the case" and is in a better position than an appellate court to evaluate the reasonableness of a fee request. *Id.* at 47–48; *see, e.g., In re "Agent Orange" Product Liability Litigation,* 818 F.2d 226, 237–40 (2d Cir.1987). The district court's fee decision will not be overturned absent an abuse of discretion. *See, e.g., id.* at 237; *Goldberger v. Integrated Resources, Inc.,* 209 F.3d at 47. Similarly, to be reimbursable from the common fund, the attorney's expenses must be "reasonable in amount, [and] necessary to bring the action to a climax." *In re Fidelity/Micron Securities Litigation,* 167 F.3d 735, 737 (1st Cir. 1999); *see, e.g., In re "Agent Orange" Product Liability Litigation,* 818 F.2d at 238. The district court's decision as to

what expenses were reasonable and necessary, and hence should be reimbursed out of settlement funds, will not be overturned except for abuse of discretion. *See, e.g., id.* The abuse-of-discretion standard of review also applies to the grant or denial of incentive awards for class representatives. *See, e.g., Montgomery v. Aetna Plywood, Inc.,* 231 F.3d 399, 408 (7th Cir. 2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 2000, 149 L.Ed.2d 1003 (2001).

■ We see no abuse of discretion in the decisions challenged here. We reject appellants' contentions that Greenfield was entitled to a higher fee award and that BSW should have been awarded less. From the $7.7 million settlement fund, the district court awarded attorneys' fees and expenses totaling some $2,509,717, or nearly one-third of the fund. The district court employed the lodestar method in calculating the base fees to be awarded Greenfield and BSW, respectively, and we see no error in those calculations. Nor can we see any basis for overturning the court's conclusions (a) that BSW, though it had served only as local counsel until some five months prior to trial, was entitled to a multiplier in light of, *inter alia,* the "brillian[ce]" of BSW partner David R. Schaefer's performance at trial, and (b) that no multiplier was warranted for Greenfield in light of his pre-BSW stewardship of the lawsuit for "nine years of litigation and multiple settlement conferences" during which the opposing parties and counsel were "barely speaking to one another" and defendants' settlement offers did not remotely approach the ultimately agreed amount. Ruling on Application for Attorneys' Fees, dated March 14, 2000, at 5. Although appellants state that the district court erred in believing that defendants' highest pretrial offer was $1 million when in fact it was $1.95 million, that difference is insignificant in light of the $7.7 million for which the case was settled after the entry and performance of BSW as trial

counsel. We see no basis for overturning the assessments by Chief Judge Covello, who presided over the final years of the litigation, of the two firms' relative contributions and his conclusion that BSW played the "pivotal role," both at trial and "in the ultimate settlement of this case," *id.; see also id.* at 6 (defendants' agreement to settle for $7.7 million was "a direct result of Schaefer's efforts at the trial").

Similarly, the district court was in the best position to evaluate the contributions made by Silverberg to the litigation, and we see no basis for overturning its assessment that those contributions "d[id] not rise to the level of special circumstances warranting an incentive award," Order dated December 22, 2000, at 3 (internal quotation marks omitted).

■ Finally, we are unpersuaded by Greenfield's argument that the court erred in limiting his reimbursement for expenses, other than fees for experts, to $20,000, rather than granting the $116,983.97 he claimed. The burden was on Greenfield to persuade the court that the expenses were reasonably incurred. The court pointed out that Greenfield merely listed the amounts and dates of each claimed expense, with a one-to-three-word description of each, and "did not provide any other invoices, receipts or further explanation of how or why these other expenses were incurred, or why they were necessary to the litigation." Order dated December 22, 2000, at 1. Greenfield does not dispute this finding on appeal. Rather, he asserts that his expense request comported with "established procedure" "in Connecticut" (Appellants' brief on appeal at 27), and that he should have been warned of the need to substantiate his claim of $116,983.97. But he cites no authority to support his view of "established procedure." And although Greenfield indicates that he was unaware that he would be required to support each claimed item

of expense with more than one-to-three words of explanation, the principles (a) that, to be reimbursable, a given expense must be reasonable and necessary, and (b) that the burden of showing entitlement to an award is on the person seeking the award, are hardly novel. We see no unfairness in holding Greenfield to the usual standards and no abuse of discretion in the court's conclusion that he did not carry his burden.

We have considered all of appellants' contentions on this appeal and have found them to be without merit. The judgment and orders of the district court are affirmed.